## DAVIS *vs.* SIMS and BATES.

Where defendants, on negotiating the sale of a farm to plaintiff, expressed to him their opinion as to the character and quality of the farm, and he examined the premises himself, *held*, that no action for fraudulent representations at the sale would lie.

The rule, *caveat emptor*, applied to the facts of this case.

THIS was an action on the case for fraud in the sale of lands.

The declaration set forth, in substance, that the defendants falsely and fraudulently represented the farm to be of a good quality, and productive; that it was one of the best in the neighborhood, and that it was as good as the Brown farm, which was a farm in the neighborhood and known to the plaintiff to be of an excellent quality of land, well knowing that it was sterile, and unproductive, and wholly unfit for cultivation, &c.

On the trial it was proved that during the negotiation between the parties one of the defendants on being inquired of how the farm in question would compare with the Brown farm, said, "it was not as good as that one; but, if put in the same state of cultivation would be as good, except some twenty-nine acres."

A great deal of evidence was given as to the character of the farm, and soil, and how it would compare with the Brown farm, &c., which it is unimportant to notice.

It appeared that before the purchase, and during the negotiation, the plaintiff and one of the defendants went over the farm for the purpose of examining it with a view to the bargain.

The ground was frozen and partially covered with snow. The defendant made as thorough an examination as he chose and explored every part of the premises.

The defendants moved for a nonsuit on the ground that no cause of action was proved as set forth in the declaration which was denied by the judge and the question of fraud put to the jury. The jury found for plaintiff $750. De-

Davis v. Sims and Bates.

fendants excepted and now move for a new trial on a bill of exceptions.

*By the Court,* NELSON, Ch. J. The evidence shows nothing beyond the expression of an opinion on the part of the defendants in respect to the character and quality of the farm in question, when compared with the Brown farm refered to, in the course of the negotiation, as a standard by which its qualities and characteristics might in some measure be tested.

The very form of expression in which the representation was made is decisive in favor of this conclusion. They frankly admit to the plaintiff, their farm is not equal to that of Brown, but assert, that if put in as good a state of cultivation it might be made equal with the exception of a few acres. No man of ordinary intelligence could or would regard this as the assertion of a fact, which should influence him in the purchase; it did not imply knowledge; as all who heard it must have been satisfied that the party could not have known, as a matter of fact, that to which he was giving utterance. It was but the expression of an opinion, of his judgment, upon the hypothesis presented. We may say, as was said in *Harvey* v. *Young* (Yelv., 20, 21), where the action was founded upon a false affirmation of the value of a term, it was the plaintiff's folly to give credit to such an assertion. (*Dayley* v. *Merrill*, 3 Bulst., 24; *S. C. Cro. J.,* 386; *Elkins* v. *Tresham*, 1 Lev., 102; *Parley* v. *Freeman*, 3 T. R., 54.)

The rule of the civil law is the same. (Domat 85, book 1, sec. 11, pl. 12.)

Independently of this ground, we apprehend, it would be very difficult for the plaintiff to make out a cause of action in a case, where, if he had not the same opportunity as the defendants to obtain a knowledge of the character and condition of the farm, he, at least, had in his power all the means necessary to acquire such knowledge; and, if he failed, the failure is as much attributable to his own neglect and want of ordinary prudence, as to their representations.

In such a case, the rule *caveat emptor*, emphatically applies. New trial granted, costs abide event.